UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
YOONKYUNG KIM,

        Plaintiff,                     **MEMORANDUM & ORDER**

    v.                                     07-CV-3276 (NGG) (LB)

NORTHWEST AIRLINES,

        Defendant.
----------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Northwest Airlines' ("Defendant" or "Northwest") motion to dismiss[1] *pro se* plaintiff Yoonkyung Kim's ("Plaintiff" or "Kim") Complaint. For the reasons set forth below, Defendant's motion is GRANTED.

**I.    Background**

Kim makes the following allegations in her August 7, 2007 Complaint, which, for purposes of this Fed. R. Civ. P. 12(c) motion, the court accepts as true. See Desiano v. Warner-Lambert & Co., 467 F.3d 85, 89 (2d Cir. 2006). On January 8, 2003, Kim was a passenger on a Northwest flight from Seoul, Korea to New York City's John F. Kennedy

---

[1] Defendant's papers do not make clear whether it has submitted a motion to dismiss or a motion for summary judgment. Defendant's Notice of Motion states that it seeks to bring a motion to dismiss pursuant to Fed. R. Civ. P. 12(c) and 4(h). (Docket Entry # 14.) In addition, the docket sheet indicates that Defendant requested permission from Magistrate Judge Bloom to file a motion for judgment on the pleadings. (Docket Entry # 10.) However, along with its motion, Defendant filed a Notice to Pro Se Litigant Opposing Motion for Summary Judgment and a Rule 56.1 Statement. The court will treat the instant motion as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) rather than as one for summary judgment and accordingly will consider only the allegations contained in Plaintiff's Complaint and the documents attached thereto in deciding the motion.

1

International Airport ("JFK").  (Complaint at 2 & attached Letter from Kim to Northwest dated March 25, 2006 (Docket Entry # 1).)  During the more than fifteen hour flight, Kim was not offered anything to eat or drink.  In addition, because the light above her seat was on, she could not sleep.  (Complaint at 2.)  As a result, upon her arrival at JFK, Kim was unable to fill out her United States Customs Service form because her hands were shaking and she was having trouble seeing.  Kim shouted for help and "walked out from [her] seat," but "stewardess did not come" to assist her.  Kim claims that if Northwest had served a meal at the proper time, the flight attendants would have known that something was wrong with her.  (Id.)

Attached to Kim's Complaint is a series of letters between Kim and Northwest.  Beginning on March 25, 2006, Kim advised Northwest of her complaints and demanded compensation.  (Letter from Kim to Northwest dated March 25, 2006.)  Kim explained in this letter that after the incident on the flight, Kim's uncle came to New Jersey from Los Angeles and transported Kim to a mental hospital in Los Angeles.  She stated that she is now back in Korea and no longer in a mental hospital, but that she still "suffer[s] mental disease."  (Letter from Kim to Northwest dated March 25, 2006 at 1-2.)  Kim stated that if Northwest had served her a proper meal, she would have been able to take her medications and would then not have been taken to a mental hospital.  (Id. at 2.)  In subsequent letters, Kim demanded financial compensation from Northwest, first requesting that Northwest send her a "blank check" and later requesting $1,665,896 in damages.  (Letters from Kim to Northwest dated August 7, 2006 and October 23, 2006.)

Northwest responded to each of Kim's letters with apologies for the "poor service" Kim had received on her flight and with assurances that her concerns had been shared with, and would

be addressed by, the appropriate personnel.  Notwithstanding its concern, Northwest informed Kim that it would not compensate her for the incident.  (Letters from Northwest to Kim dated April 27, 2006, August 15, 2006, November 7, 2006, and December 20, 2006.)  On April 14, 2007, Northwest informed Kim that it would not respond to additional correspondence given that it appeared their positions on the matter would "remain opposed."  (Letter from Northwest to Kim dated April 14, 2007.)

In the instant Complaint, Kim requests $1,665,896 in damages based upon lost wages calculated from age 28 to age 60, medical costs calculated from age 28 to age 80, and "consolation" damages for her family.  (Complaint at 2-3.)

## II. Discussion

In reviewing the Complaint, the court is mindful that Kim is proceeding *pro se* and that her pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers."  Hughes v. Rowe, 449 U.S. 5, 9 (1980).  It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).  If a liberal reading of the pleadings "gives any indication that a valid claim might be stated," the court must grant leave to amend.  See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

As noted above, the court must accept Plaintiff's allegations in the Complaint as true and must draw all reasonable inferences in her favor when deciding a motion to dismiss under Fed. R. Civ. P. 12(c).  Desiano, 467 F.3d at 89.  In addition "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."  Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citation

omitted).

Defendant raises several grounds for dismissal, including that the Complaint is time-barred under the two-year statute of limitations contained in the Warsaw Convention Treaty ("Warsaw Convention" or "Convention"). (Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss under Rule 12(c) (Docket Entry # 14).) The court agrees and moreover finds that Plaintiff has failed to state a claim under the Convention.

Under the Warsaw Convention an airline carrier "shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking." 49 U.S.C. § 40105 note. The Convention provides the exclusive mechanism for remedying injuries sustained on international flights and preempts any such claim under state law. El Al Israel Airlines, Ltd. V. Tseng, 525 U.S. 155, 161 (1999) ("recovery for a personal injury suffered "on board [an] aircraft or in the course of any of the operations of embarking or disembarking," Art. 17, 49 Stat. 3018, if not allowed under the Convention, is not available at all"); see also King v. Am. Airlines, Inc. 284 F.3d 352, 360 (2d Cir. 2002) ("Tseng held that the Convention's preemptive effect on local law extends to all causes of action for injuries to persons or baggage suffered in the course of international airline transportation. . . ."); Singh v. North American Airlines, 426 F. Supp. 2d 38, 44 (E.D.N.Y. 2006) ("The Convention applies to "all international transportation of persons . . . performed by aircraft for hire." (quoting Warsaw Convention Art. 1(1))). Even where a Plaintiff has no cause of action under the Convention, the Plaintiff is "prohibited from circumventing its restrictions by bringing a suit under local law." King, 284 F.3d at 359-60 (the preemptive effect

4

of the Convention applies "regardless of whether a claim actually could be maintained under the provisions of the Convention").

In this case, Kim's allegations leave no doubt that the actions about which she complains occurred while she was on board an aircraft engaged in international transportation or while she was in the course of the operation of disembarking from the aircraft.[2]  Thus, I find that the Convention exclusively governs Kim's claims.  See King, 284 F.3d at 360 ("a claim for an injury to a passenger is preempted by Article 17 as long as the harm was sustained "in the course of any of the operations of embarking [or disembarking] on an aircraft.") (internal quotation marks omitted).

If a claim falls within the scope of the Convention, as Kim's does, a suit must be brought in accordance with all of the Convention's terms.  King, 284 F.3d at 356.  As relevant here, any claim governed by the Warsaw Convention is subject to its two-year statute of limitations.  Id. Article 29 of the Warsaw Convention provides that "[t]he right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped."  49 U.S.C. § 40105 note.  Thus, if Kim failed to file suit within two years of the incident of which she complains, she has no right to relief.  See Pacitti v. Delta Air Lines, Inc., No. 04-CV-3197 (DLI), 2008 WL 919634, at *4 (E.D.N.Y.) (E.D.N.Y. 2008).  In this

---

[2] The Supreme Court has considered more than once what type of incident qualifies as an "accident" under the Convention.  See, e.g., Olympic Airways v. Husain, 540 U.S. 644 (2004); Air France v. Saks, 470 U.S. 392 (1985).  The court need not decide, however, whether the alleged failure to serve Kim a meal and the failure of flight attendants to respond to her cries for help fall within the definition of "accident" in order to conclude that the claim is exclusively governed by the Convention.  See King, 284 F.3d at 360.

5

case, the incidents that form the basis of Kim's Complaint occurred on January 8, 2003. Thus, her August 8, 2007 Complaint is time-barred under the Convention and she has no right to relief.

Finally, even if Kim's Complaint were not time-barred, she has failed to state a claim under the Convention. The Supreme Court has held that mental or psychic injuries unaccompanied by physical injuries are not compensable under Article 17 of the Convention. E. Airlines, Inc. v. Floyd, 499 U.S. 530, 552 (1991) ("We conclude that an air carrier cannot be held liable under Article 17 when an accident has not caused a passenger to suffer death, physical injury, or physical manifestation of injury.") Here, Kim alleges that her hands were shaking and she was having trouble seeing at the conclusion of her flight due to her lack of food and sleep. The allegation that forms the basis of her claim for damages, however, is that she suffered significant mental trauma she believes has rendered her unable to work and will require life-long medical treatment. Such allegations do not constitute physical injury. Accordingly, Kim has failed to allege the requisite physical injury to state a claim under the Warsaw Convention.

## III. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. The Clerk of Court is directed to close the case.

SO ORDERED.

                                                s/ Nicholas G. Garaufis
Dated: April 21, 2008                  NICHOLAS G. GARAUFIS
       Brooklyn, N.Y.              United States District Judge